## RUSSIAN GOVERNMENT v. LEHIGH VALLEY R. CO.

(District Court, S. D. New York. January 27, 1919.)

**1. Constitutional law ⬤═68(1)—Only for impelling reasons will courts inquire of executive department as to status of foreign government.**

The courts will make official inquiry of the Executive Department as to the status of a foreign government in its relations with the United States only for impelling reasons, especially where such inquiry may involve pending questions of great delicacy.

**2. Constitutional law ⬤═68(1)—Recognition of foreign government's sovereignty by political branch of our government binds courts.**

The recognition of the sovereignty of a foreign government by the political branch of our government binds the courts.

**3. Ambassadors and consuls ⬤═8—Ambassador may authorize suit in our courts.**

The authority of a foreign ambassador to authorize suit in our courts in the name of his government cannot be doubted.

At Law. Action by the Russian Government against the Lehigh Valley Railroad Company. On defendant's motion to dismiss the action, and for such other relief as may be proper. Motion denied.

Charles A. Boston, of New York City, for the motion.

Coudert Bros., of New York City (Frederic R. Coudert, of New York City, of counsel), opposed.

MAYER, District Judge. The motion is to dismiss the action, and for such other relief as may be proper, on the ground that there was not in existence "the Russian government," and therefore no plaintiff. Defendant also requests the court to address a communication to the Secretary of State of the United States of America, inquiring as to certain diplomatic matters revolving around the status of the Russian government in its relations with the government of the United States.

[1] In Canadian Car Co. v. American Can Co. (D. C.) 253 Fed. 152, the same procedure was suggested, but the court deemed it inadvisable to comply with the request to inquire of the Executive Department, in respect of public questions affecting the relations of the United States with Russia. In this case the court must pursue the same policy. There may, of course, arise situations of a character which would suggest to the court an inquiry of this nature, but the court will make official inquiry only for reasons of an impelling character, especially where such inquiry may involve pending questions of the greatest delicacy.

Referring to the merits of the motion, the facts, briefly stated, follow:

On July 29, 1916, defendant, a common carrier, had in its possession certain property belonging to the then Imperial Russian government, under bills of lading which restricted the right to sue for loss or damage to two years. On July 29 or 30, 1916, the so-called Black Tom explosion occurred, and the property was destroyed, and therefore any cause of action available to the Russian government expired on July 30, 1918. After vain efforts to obtain an extension of time to commence suit, the attorneys for the Russian government obtained authority from one Boris Bakhmetieff to commence these actions. This

is the same person to whom reference is made in Canadian Car Co. v. American Can Co., supra.

The continuing recognition of Bakhmetieff, as ambassador, by the United States, has been brought practically down to date (a) by a certificate of the Secretary of State, dated October 31, 1918; and (b) by a certificate of the Acting Secretary of State, dated January 2, 1919. These are as follows:

"To All to Whom These Present Shall Come—Greeting:

"Know ye, that I, Robert Lansing, Secretary of State of the United States of America, do hereby certify that Boris Bakhmetieff presented his letter of credence to the President of the United States and was officially received by the President as ambassador extraordinary and plenipotentiary of Russia on the fifth day of July, 1917, and that the said Boris Bakhmetieff has accordingly since that date been recognized by the Department of State as ambassador of Russia, and as entitled to all the rights, privileges and immunities of such status.

"In witness whereof, I have hereunto subscribed my name and caused the seal of the Department of State to be affixed.

"Done in the city of Washington, this thirty-first day of October, one thousand nine hundred and eighteen.

"[Seal.]                                    · Robert Lansing."

"To All to Whom These Present Shall Come—Greeting:

"Know ye, that I, Frank L. Polk, Acting Secretary of State of the United States of America, do hereby certify that Boris Bakhmetieff presented his letter of credence to the President of the United States and was officially received by the President as ambassador extraordinary and plenipotentiary of Russia on the fifth day of July, 1917; that the said Boris Bakhmetieff has accordingly since that date been recognized by the Department of State as ambassador of Russia; that on the third day of December, 1918, the said Boris Bakhmetieff officially informed the Department of State that he was proceeding temporarily to France, and was that day turning over the affairs of the embassy to Mr. Serge Ughet, financial attaché of the Russian embassy. who would act as chargé d'affaires during his absence; that since the third day of December, 1918, the said Serge Ughet has been treated by the Department of State as chargé d'affaires ad interim, of Russia.

"In witness whereof I have hereunto subscribed my name and caused the seal of the Department of State to be affixed.

"Done in the city of Washington this second day of January, one thousand nine hundred and nineteen.                          Frank L. Polk."

Counsel earnestly presses the arguments which were fully considered in Canadian Car Co. v. American Can Co., supra, and insists that the court may make its independent investigation to determine who and what the Russian government is.

The contentions are further made, in effect: (1) That from the certificates above quoted it cannot be held that Ambassador Bakhmetieff had authority to instruct counsel to bring these actions; and (2) that the court may resort to newspaper reports and comments. to inform itself that there is at the moment no recognized Russian government.

[2] First. That the court is bound by the recognition of the political branch of its own government, and can and should look no further, is a proposition so well settled and so well grounded in common sense and in the necessities of orderly procedure that further discussion is unnecessary. Canadian Car Co. v. American Can Co., supra.

It may, however, be observed that the importance of recognizing governmental continuity, quite irrespective of considerations as to the

existing form of a foreign government, or as to the human beings in control at any particular time, is well illustrated in this case, where it is sought to deprive a foreign state forever of the opportunity to be heard in an effort to recover for the loss of property which belonged to the foreign state; i. e., the "Russian government," by whatever name called. It may also be noted, in passing, that the executive and judicial branches of the government have recognized "the present government of Russian" in proceedings to naturalize Russian subjects. Since the fall of the Imperial Russian government, such applicants for citizenship forswear allegiance to "the present government of Russia."

[3] Second. In Canadian Car Co. v. American Can Co., supra, it was necessary for the court to go further than is here required in construing the power of an ambassador and the extent to which his certificate could be received as evidence. That a foreign government may sue in our courts is elementary. That its ambassador, on its behalf, has authority to instruct that suit shall be begun, seems one of the simplest incidents of the ambassadorial office. Such authority has nowhere been doubted as matter of law, and it has long since become effective by practical construction in addition to other reasons.

Finally, it may be suggested that it is at least doubtful whether the relief sought by defendant can be reached by a motion such as this, but I have preferred to go to the merits, rather than to decide the motion upon a point of procedure.

Motion denied.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes