In the Matter of the Claim of ANNANTONIA PERINO, Appellant, against LACKAWANNA STEEL COMPANY, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

**Workmen's compensation — master and servant — State Industrial Board without power to change by rule amount of compensation to be paid dependent — rule providing for computation of. payments of compensation as of date of death void as regards awards covering periods already passed — compensation for period accrued may not be regarded as " future installments "— erroneous commutation of award to non-resident computed from death of employee.**

1. Aside from the provisions of section 17 of the Workmen's Compensation Law, providing that where dependents of an injured employee reside in a foreign country " the Commission may, * * * or upon the application of the insurance carrier, shall, commute all *future installments* of compensation to be paid to such aliens, by

paying or causing to be paid to them one-half of the commuted amount of such future installments of compensation as determined by the Commission," the Industrial Commission has no power to award a dependent non-resident any sum as compensation which differs in amount from the sum to which a resident dependent would be entitled. Section 117 of the statute confers no power upon the Commission to change by rule the amount of compensation to be paid to a dependent.

2. Rule 30 of the Commission, therefore, which provides for the computation of payments of all compensation " as of the date of the death of the injured employee," in so far as that method of computation of compensation would result in commutation at one-half the commuted amount of any portion of the compensation otherwise due which does not fairly come within the term " future installments " as used in the statute, is void and must be disregarded.

3. The Legislature contemplated that each periodic payment to which the injured employee or a dependent might prove valid claim constitutes an installment of compensation and, by section 17 of the statute, conferred upon the Commission power to commute only such installments as might accrue periodically thereafter. An award which covers a period already passed is itself an adjudication that the right to compensation for that period had already accrued and the amount thereof may not be regarded as " future installments " of compensation.

4. It was error, therefore, for the State Industrial Board, in an award to a dependent non-resident, to provide for commutation of compensation, computed from the death of the injured employee, by modification of an earlier award, after some installments of compensation directed therein had been actually paid.

*Perino* v. *Lackawanna Steel Co.*, 211 App. Div. 218, reversed.

(Argued October 6, 1925; decided November 24, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 6, 1925, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law.

*Merritt N. Baker* for appellant.  Section 17 of the Workmen's Compensation Law authorizes the Commission to commute and halve only such installments of com-

pensation as will mature in the future — not those which have matured in the past — and establishes the date of the award of commutation as the criterion of tense. (*Birmingham* v. *Westinghouse, etc., Co.,* 180 App. Div. 48.) The adoption of rule 30 was in excess of the powers of the Industrial Board and is void. (*Vil. of Saratoga Springs* v. *Saratoga Gas Co.,* 191 N. Y. 123; *People ex rel. Schultz* v. *Hamilton,* 188 App. Div. 783.)

*Evan Hollister* for Lackawanna Steel Company, respondent. The modification of the award of December 14, 1923, was required by rule 30 of the State Industrial Board which should be upheld by this court as neither unreasonable nor inconsistent with section 17 of the Workmen's Compensation Law. (Cons. Laws, ch. 67.)

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for State Industrial Board, respondent.

LEHMAN, J. On June 3, 1920, Joseph Perino was killed while painting a building owned by his employer. He left him surviving a dependent father and mother residing in Italy. The claim of the father made under the Workmen's Compensation Law (Cons. Laws, chap. 67) was allowed and an award to him made on November 10, 1922. Before the award was actually made the father had died. Upon proof of that fact this award was rescinded and a new award made to the dependent mother who had also filed a claim after her son's death. The decision provided that " award is hereby made to the mother from the date of death to the date of this hearing (11/26/23) and to be paid in full; future payments to be commuted under section 17. Money to be paid through the United States Department of State * * *. The employer is directed to pay at once $1,308.61 from the date of death to 11/26/23 for 181½ weeks at $7.21 per week. This department to get

the actuarial value of the future payments under section 17." On January 24, 1924, the State Fund sent to the Secretary of State at Washington, $1,308.61 to be paid to the claimant through the American Consul at Rome. On March 5, 1924, the Industrial Board made a new decision which provided that: " Direction as to commutation of the amount due under section 17 is modified and changed to read that the commutation shall be made under Rule 30 of the Commission * * *. The present value is $734.89 as of 6/3/20 assuming that an advanced payment of $1,308.61 was made as of 1/3/24." The claimant has appealed from this decision in so far as it modifies the previous award.

Section 17 of the Workmen's Compensation Law provides that where dependents of an injured employee reside in a foreign country " the commission may, * * * or upon the application of the insurance carrier, shall, commute all future installments of compensation to be paid to such aliens, by paying or causing to be paid to them one-half of the commuted amount of such future installments of compensation as determined by the commission." Aside from the provisions of this section the Industrial Commission has no power to award a dependent non-resident any sum as compensation which differs in amount from the sum to which a resident dependent would be entitled. While in section 117 of the statute it is provided that " The Board may adopt reasonable rules consistent with and supplemental to the provisions of this chapter and the labor law," no power has thereby been conferred upon, or is claimed by the State Industrial Board, to change by rule the amount of compensation to be paid to a dependent as fixed by statute.

Rule 30 of the Commission (referred to in the modified award) provides that " the actuary shall make his computations as of the date the lump sum is awarded by the Industrial Board or its authorized representative, except

that in lump sum settlements under section 17 the computation shall be made as of the date of the death of the injured employee in so far as such computation applies to dependents who were not residents of the United States or of Canada at the time of such death." Though section 17 of the Workmen's Compensation Law provides only for the commutation of " future installments  *  *  * to be paid to such aliens," the rule provides for the computation of payments not merely of " future installments " of compensation but of all compensation " as of the date of the death of the injured employee." In so far as the method of computation of compensation, as provided in the rule, from the date of the death of the injured employee would result in commutation at one-half the commuted amount of any portion of the compensation otherwise due which does not fairly come within the term " future installments " as used in the statute, the provisions of the rule are void and must be disregarded.

Obviously the Legislature must have intended by the use of the term " future installments " to indicate that there might also be past installments. The award in this case has been sustained in the court below upon the ground that there is no debt or obligation to pay compensation upon a contested claim until award is made and that at the time a debt or obligation arises it can by its nature include only future installments though in fact it may embrace compensation for a period that has elapsed; and, therefore, that at the same time an award is made for compensation dating from the death of an injured employee, the Industrial Commission may commute the entire compensation from the same date. Without passing upon the question whether even under such construction the Commission would be authorized to provide for commutation of compensation computed from the death of the injured employee by modification of an earlier award after some installments of compensation directed therein were actually paid, we have decided

that the construction of the Appellate Division unduly restricts the words "future installments." Though obligation to pay an award upon a contested claim becomes enforcible only after the award has been made, liability for compensation becomes fixed when the injury occurs and the Commission thereafter merely determines the facts upon which the conclusion of the existence of the liability must rest. It does not create a debt or obligation; it decides whether an obligation is imposed by law under the particular circumstances proven. Though payment of the compensation may not be enforced before the award, the right to the payment of compensation " periodically  *  *  *  and in like manner as wages " exists. (Section 25.) It seems to us clear that the Legislature contemplated that each periodic payment to which the injured employee or a dependent might prove valid claim constitutes an installment of compensation and that by section 17 of the statute it conferred upon the Commission power to commute only such installments as might accrue periodically thereafter. An award which covers a period already passed is itself an adjudication that the right to compensation for that period had already accrued and the amount thereof may not be regarded as " future installments " of compensation.

For these reasons the order of the Appellate Division and the award of the Industrial Commission should be reversed, with costs in this court and in the Appellate Division, and proceedings remitted to the Commission to proceed in accordance with this opinion.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.