In the Matter of the Claim of ARMAND DAUPHINE, Respondent, against JAMES BLAIR and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 12, 1927.

Workmen's compensation — award — alien employee — after employee returned to France carrier made application for commutation — commutation must, under Workmen's Compensation Law, § 17, be made as of date of application — fact that hearing did not take place until after payments had all become due, did not give Industrial Board power to refuse to commute.

The employee, an alien, some time after the injury returned to his native country, France, where it is stated he intends to remain indefinitely. As soon as the carrier learned that the employee had returned to France, it made application for commutation, under section 17 of the Workmen's Compensation Law. The employer was entitled to have the award commuted as of the date of that application, and it was error for the State Industrial Board to determine that commutation should be made as of the date of the hearing, and that, since the hearing was not held until after all payments had become due, the carrier was not entitled to commutation but that the employee was entitled to the full amount of the awards due him.

APPEAL by James Blair and another from an award of the State Industrial Board, made on the 11th day of October, 1926.

*H. C. Houlihan* [*Jeremiah F. Connor* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

WHITMYER, J. It is conceded that claimant is an alien and a subject of France. He was injured on June 5, 1924, while working on an automobile of his employer at Oyster Bay. His right wrist was fractured. The award was for one-third loss of use of right hand and for eighty-one and one-third weeks at $20 per week, amounting to $1,626.67. The carrier paid up to February 5, 1925, and on May 21, 1925, hearing that claimant had gone to France, requested the Industrial Board, in writing, to commute the remaining payments in compliance with the Workmen's Com-

pensation Law. Claimant had been in France since February 5, 1925. On June 16, 1925, and again on September 13, 1925, he wrote to the effect that he did not intend to return for the present. Hearings were held. In the meantime and on May 23, 1926, he wrote again stating that he had decided to remain indefinitely. Thereupon, and on July 14, 1926, a request was made for actuarial computation. The actuary replied that, as a result of the new ruling by the Board on section 17, cases thereunder were to be computed as of the date of the hearing, and that no computation, therefore, was necessary, because the period of the award had been completed before the date of hearing. A decision was then made that claimant was entitled to the full amount of the awards due him, but not to commutation. Application to commute was made on May 21, 1925. The subsequent hearings resulted from the application and subsequent action should have referred to that date. Section 17 so states. This is not in conflict with the *Perino* case (*Matter of Perino* v. *Lackawanna Steel Co.*, 241 N. Y. 312). The fact that action was delayed until the payments had all become due cannot affect the matter and the court did not there decide that the Board could delay until that time and then refuse to act.

The award should be reversed and the claim remitted to the Industrial Board with instructions to grant a commutation as of May 21, 1925.

VAN KIRK, Acting P. J., HINMAN, McCANN, DAVIS and WHITMYER, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.