In the Matter of the Claim of STEPHEN WERENJCHIK and Others, Respondents, against ULEN CONTRACTING CORPORATION and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 27, 1930.

*William E. Lowther* [*Jeremiah F. Connor* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the State Industrial Board.

*William C. Stone* [*Aaron Benenson* of counsel], for the claimants.

PER CURIAM. The claimants are entitled to compensation unless there has been a failure of competent proof that they are the surviving children of the deceased employee, or that their respective ages are as found by the State Industrial Board or that they were still in existence at the time of the award. The claimants are said to reside in Russia. Appellants contend that the birth certificates were insufficient to comply with section 121-a of the Workmen's Compensation Law█ because they depend upon the authentication of officials of Soviet Russia, which is not recognized by the United States of America. The non-recognition of the present government in Russia does not require the rejection of this proof. It has been judicially determined that there does in fact exist a government, sovereign within its own territory, in Russia. (*Russian Reinsurance Co.* v. *Stoddard*, 240 N. Y. 149; *Russian Government* v. *Lehigh Valley R. Co.*, 293 Fed. 133; *Wulfsohn* v. *Russian Republic*, 234 N. Y. 372.) Private rights and interests have been passed upon judicially during the existence of the present " Soviet Regime," and our courts have held to the principle that our State Department " cannot determine how far the private rights and obligations of individuals are affected by acts of a body not sovereign or with which our government will have no dealings. That question does not concern our foreign relations. It is not a political question, but a judicial question." In carrying out that principle our courts proceed according to our public policy. " The facts of each case, the result of each possible decision, determines whether that decision accords with common sense and justice." (*Russian Reinsurance Co.* v. *Stoddard*, 240 N. Y. 149, 158, 163; *Sokoloff* v. *National City Bank*, 239 id. 158; *James & Co.* v. *Second Russian Ins. Co.*, Id. 248; *Banque de France* v. *Equitable Trust Co.*, 33 Fed. [2d] 202.) In the present case the private rights under our law of the surviving children of a workman, killed in a New York employment, are involved. The act of an official of the Soviet government in authenticating proof of relationship and age is

required to bring about equity and justice. There is no practical way to reach the result contemplated by our humane statute otherwise. In support of the action of the State Industrial Board in accepting this proof, we have also a certificate of the General Consul of the Republic of Poland for the city of Minsk in Russia that the signature of the Russian official having charge of foreign affairs is genuine. We are also informed by what is not denied to be authentic record proof, although not a part of the record, that the War and Navy Departments and United States Veterans' Bureau are accepting proofs of relationship executed in similar manner.

Moreover, reliance may in this case be placed upon the testimony of a brother of the deceased employee, who testified that his brother had three children and that they still lived in Russia; that the wife of deceased had died and the children were living with the wife's mother and father. He had corresponded with these people regularly and one of the children had written him twice. He testified two years after the accident and death. In the absence of proof to the contrary we may assume that they are still alive and that payments will be surrounded by reasonable safeguards, similar perhaps to the methods employed in paying war risk insurance claims in behalf of beneficiaries of Russians who died in the service of the United States army.

It is urged, however, that the award needs correction as to the amounts to be paid to these claimants. The carrier made a request for commutation dated March 5, 1924, at which time an earlier award was made to the claimants. An actuarial computation was made for the purpose of that award. Subsequently the Industrial Board rescinded the award on the ground that the proofs were not properly authenticated and because Russia was not recognized by the United States, and made an award to the State Treasurer. Thereafter new birth certificates were filed, the case was reopened, the award to the State Treasurer was rescinded and the present new award was made. Appellants contend that the commutation of the lump sum for " future installments of compensation to be paid to such aliens," under section 17 of the Workmen's Compensation Law, should be referred to the date of application for such commutation by the carrier in 1924. (*Matter of Dauphine* v. *Blair*, 220 App. Div. 63.) The original award was not computed in accordance with the principles laid down in *Matter of Perino* v. *Lackawanna Steel Co.* (241 N. Y. 312), and could not be reinstated in the amount then fixed as a lump sum for " future installments." Moreover, the proofs of birth and age produced at that time were not sufficiently authenticated and the oral testimony, if sufficient to prove survivorship and existence of claimants at the time, did not cover the ages

of claimants. The award could not be reinstated on that account. No award could have been made to claimants until the filing of the new birth certificates which were properly authenticated. The case was finally presented to the State Industrial Board on January 22, 1929, and decision was rendered April 30, 1929. On May 3, 1929, the carrier renewed its request for commutation as of April 30, 1929, which was complied with. " An award which covers a period already passed is itself an adjudication that the right to compensation for that period had already accrued and the amount thereof may not be regarded as ' future installments ' of compensation." (*Matter of Perino* v. *Lackawanna Steel Co., supra,* p. 317.) The award was properly computed as of April 30, 1929.

The award should be affirmed, with costs to the State Industrial Board.

HINMAN, Acting P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Award affirmed, with costs to the State Industrial Board.