In the Matter of the Claim of Stephen Werenjchik et al., Respondents, against Ulen Contracting Corporation et al., Appellants.

The State Industrial Board, Respondent.

(Argued September 30, 1930; decided November 18, 1930.)

*Jeremiah F. Connor* and *William E. Lowther* for appellants. There is no proof to show that the children of the deceased employee are actually alive. (*Paola* v. *Porter Bros.*, 209 App. Div. 716; *Grillo* v. *Sherman-Statler Co.*, 195 App. Div. 362; *Di Ionna* v. *Terry & Tench Co., Inc.*, 203 App. Div. 270; *Cooney* v. *Empire Construction Co.*, 210 App. Div. 816; *Hall* v. *Hall*, 139 App. Div. 120; *Van Williams* v. *Elias*, 106 App. Div. 288.)

*Aaron Benenson* and *William C. Stone* for claimants, respondents.

*Hamilton Ward*, Attorney-General (*E. C. Aiken* of counsel), for State Industrial Board., respondent.

KELLOGG, J. The Industrial Board, on April 30, 1929, made an award of death benefits, on account of the death of Ignatz Werenjchik, who died in the course of his employment from causes resting therein, to the claimants, Stephen, Sophie and Olga, as children of Ignatz under the age of eighteen at the time of his death. In the instance of Sophie and Olga, alien non-residents supposedly still under the age of eighteen years, the Board made commutation of all installments which might become payable subsequently to the date of the award, and directed that as to them, in addition to the aggregate sums of unpaid weekly payments previously due, there be paid one-half of the future installments as commuted. (Workmen's Compensation Law; Cons. Laws, ch. 67, § 17.)

The point is made that there was no legal proof that the claimants were the children of Ignatz Werenjchik; that they were under the age of eighteen years when Ignatz died; that they were of the determined ages when the Board fixed the commuted amount of future installments payable to the two younger children.

Certificates had been received in evidence by the Board which purport to have been made and signed by members of the "White Russian Soviet Socialistic Republic Executive Committee of the County of Cherven, Province

of Minsk." These writings purport to certify that the records of vital statistics for the Province disclose that Stephen, Sophie and Olga were born to Ignatz Werenjchik and his wife on certain specified dates. Appended thereto are certificates purporting to be signed by the "People's Commissar of Interior," to the effect that the signatures of the members of the Executive Committee subscribed to the certificates are genuine; and certificates purporting to be signed by the "People's Commissar for Foreign Affairs" asserting that the signatures of the People's Commissar of Interior attached to the certificates are genuine. Aside from the question whether or not the certificates otherwise comply with statutory or common-law requirements in respect to the authentication of birth records kept in a foreign country, the question whether judicial notice that the persons named are the *de facto* officials of a government not recognized by the United States as a member of the family of nations, that the signatures subscribed are the genuine signatures of such officials, and that the seals attached are the genuine seals of the offices held by them, can be taken without proof, might prove troublesome. However, as we read the record, the relationship of the children to Ignatz Werenjchik and their respective ages were established otherwise than by the certificates, and the question suggested need not be determined.

An award was originally made to these claimants on March 5, 1924. All installments of weekly payments, whether future or past, were given a present value calculated from the date of the death of Ignatz Werenjchik; and the payment of one-half of the commuted amounts was directed to be made. At a hearing held on the same day an uncle of the children testified that Stephen, Sophie and Olga were children of his brother Ignatz; that they were living in the Province of Minsk in Soviet Russia, and that the boy, Stephen, was then sixteen years of age. On the same day there was filed with the Board

a writing which bears the heading " Request for Actuarial Computation, March 5, 1924." A " schedule of dependents " is set forth in the writing which gives the ages and dates of birth of the "son," " daughter " and " daughter." The commutations made in the award now appealed from are based upon figures thus given. The writing was signed by " D. J. Mahoney." An assertion, not disputed by the appellant, is made in the respondent's brief as follows: "A request for commutation was made by D. J. Mahoney, representing the insurance carrier." In making this statement the respondent refers by folio number to that page of the record which exhibits the writing to which we have referred. Moreover, section 17 provides that the Board may " at its option " or " upon the application of the insurance carrier " shall commute all future installments of compensation. No other application than that of the insurance carrier is recognized by the section. It seems to follow, therefore, that the request filed by D. J. Mahoney was an application for commutation made by the insurance carrier. The writing so filed contained admissions by the carrier establishing all necessary facts to enable the Board to make an award and commute the same.

On December 7, 1926, the Board vacated the award of March 5, 1924; and, on the ground that there were " no persons entitled to compensation " (Workmen's Compensation Law, § 15, subds. 8, 9), made an award to the State Treasurer. On April 30, 1929, it vacated the award to the State Treasurer, and, after receiving in evidence the certificates to which we have referred, made the award now complained of. The Board had full power to vacate the original award to the children, and later to vacate the award to the State Treasurer. (Matter of Schaefer v. Buffalo Steel Car Co., 250 N. Y. 507.) In its original award, made on March 5, 1924, the Board had erroneously included, in its calculations of the commuted sums payable to the children, past-due unpaid installments of compensation

as well as future installments of compensation. (*Matter of Perino* v. *Lackawanna Steel Co.*, 241 N. Y. 312.) That case, decided subsequently to the original award, holds that the Board, acting at any given hearing, has " power to commute only such installments as might accrue periodically thereafter." It was not open to the Board, therefore, when considering the case made for the present award, to reinstate the award made on March 5, 1924. No other course was permissible than to direct payment in full to Stephen, who had become of age, of all weekly installments past due; to make the same directions in respect to Sophie and Olga; in addition to direct the payment to Sophie and Olga of one-half of all future installments, calculating the value of such installments from the date of the award and commuting the same accordingly. This course, which was pursued by it, was justified by the admitted facts contained in the record which the Board had before it.

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.