In the Matter of the Claim of MARIA LEO BOTTA, Respondent, against TOSTI CONSTRUCTION Co., INC., Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants. THE STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 23, 1938.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Hardin, Hess & Eder* [*Irving I. Goldsmith* and *Benjamin D. Fidanque, Jr.*, of counsel], for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General* [*Leon Freedman, Assistant Attorney-General*, of counsel], for the State Industrial Board, respondent.

HILL, P. J. Andrea Botta sustained injuries on January 16, 1934, for which an award of sixty per cent loss of use of the left foot plus eight and one-half weeks' protracted temporary total disability was made on April 3, 1935. On May seventh of the same year he died from causes unrelated to the accidental injury. At a hearing held on June 24, 1935, concerning the amount of the attorneys' fees, a representative of the carrier stated that Botta had died and that he was informed by the Italian Consul that there was a widow and three children residing in Italy. He further said, " Now, so that our position is perfectly clear, we want to, at this time, to raise Section 17 in the event that it is ever determined that he is survived by a widow and children, that any payments which they may be entitled to be commuted under Section 17." The matter of commutation was not finally determined until December 9, 1936. All of the weekly payments having become due before that date, the Board ruled that there was nothing to commute. The carrier argues that all payments which accrued due after June 24, 1935, should be commuted. At the June 24, 1935, hearing the Commissioner said, " If the last payment was made as shown by the C-8 dated May 18, 1935, there would be an unpaid balance of $1280.00. How are we going to know — we won't decide this now — on the question you raised or the request you have made today, to have the unpaid balance, if there are any dependents entitled to receive it, who are aliens residing abroad, commuted unless we know there are such persons? " The next hearing was held nearly sixteen months later. The attorney for the carrier again asserted that commutation should be allowed and the referee said, " That's right, I will receive the documents in evidence as of this date. Decision reserved." About two months later another hearing was held and adjourned. The matter was finally decided on January 9, 1937, as follows: " Commutation under section 17 is denied since there were no installments future as of 10/14/36 still due when application was made."

In *Werenjchik* v. *Ulen Contracting Corp.* (255 N. Y. 56; 229 App. Div. 36) an award to a deceased employee's children residing in Russia was made on March 5, 1924. The carrier at the same time requested commutation. On December 7, 1926, the award was vacated by the Board upon the ground that the proofs concerning the birth of the children in Russia were not properly authenticated and an award was made to the State Treasurer. New and properly authenticated birth certificates were presented to the Board on January 22, 1929, and an award to the children was made on May 3, 1929. The carrier on April 30, 1929, had renewed its request for commutation. It was decided by this court and the Court of Appeals that the award was properly commuted as of April 30, 1929, and that future installments from that date should be commuted, but not from March 5, 1924, the date of the earlier request.

In *Dauphine* v. *Blair* (220 App. Div. 63) the claimant was an alien, a citizen of France. He was injured on June 5, 1924, given a schedule award for eighty-one and one-third weeks, and had been paid to February 5, 1925. The carrier on May 21, 1925, learning that claimant had returned to France in the previous February, requested that the remaining payments be commuted. On July 14, 1926, a second request was made for commutation. The Board thereafter and at a time when no future installments would accrue refused commutation. This decision was reversed and the matter remitted to the Board with instructions to grant the commutation as of May 21, 1925, the date of the original application.

Section 17 of the Workmen's Compensation Law* directs that the Commission " shall " upon the application of an insurance carrier commute the future installments of " compensation " to be paid to aliens. " Compensation " is defined (§ 2, subd. 6) as " the money allowance payable to an employee or to his dependents as provided for in this chapter." When a claimant dies from causes other than the injury, future installments of a schedule award are payable one-half to a surviving wife and one-half to children under eighteen years of age. (§ 15, subd. 4). On June 24, 1935, there were future installments payable to the alien surviving wife and children of the deceased employee. Neither the delay of the Italian Consul from June 24, 1935, until August 31, 1936, in presenting proofs to support the marriage and paternity nor the long adjournments granted should determine the amount which the carrier is to pay, or operate to its prejudice.

In actions or proceedings at law, the judgment or final order adjudicates as of the beginning of the action or proceeding. It is only in equity that the rights are settled as of the date of the trial.

---

* Since amd. by Laws of 1937, chap. 110.— [REP.

Workmen's compensation is a statutory proceeding and the commutation should be computed as of the date of the application. We follow the *Dauphine* case (*supra*) and distinguish the *Werenjchik* case (*supra*) as the award of March 5, 1924, to the dependents was vacated and ceased to exist, its place being taken by an award to the State, the latter in turn being revoked when new proof was introduced. Commutation was allowed as of the date of the new award.

The decision should be reversed and the matter remitted for commutation as directed in the opinion.

Decision reversed and matter remitted for commutation as directed in the opinion.

RHODES, MCNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Decision reversed and matter remitted to the State Industrial Board for commutation to be made as directed in the opinion, with costs against the Board.