IN THE MATTER OF THE ESTATE OF JOSEPH ALEXAN-
DRAVICUS, DECEASED.

JESSE MOSKOWITZ, PLAINTIFF-APPELLANT, v. ABRAHAM
MILLER, APPOINTED BY SURROGATE'S COURT AS
GENERAL ADMINISTRATOR, ETC., DEFENDANT-RE-
SPONDENT.

Argued June 6, 1961—Decided June 30, 1961.

*Mr. Jesse Moskowitz* argued the cause for the appellant, *pro se.*

*Mr. Abraham J. Slurzberg* argued the cause for the respondent (*Mr. Abraham Miller,* defendant-respondent and attorney *pro se*).

The opinion of the court was delivered by

JACOBS, J. The decedent Joseph Alexandravicus, a resident of Hudson County, died intestate on February 15, 1953. Thereafter his cousin Joseph was appointed as temporary administrator by the Hudson County Court and he continued as such until his temporary administration was terminated on May 19, 1960 by an order of that court. The termination order was entered pursuant to an application by Mr. Jesse Moskowitz who acted under a power of attorney executed in Lithuania on February 19, 1959 by two brothers of the decedent who reside in Lithuania and are the decedent's only known heirs and next of kin. The broad terms of the power of attorney authorized the New York law firm of

Messrs. Wolf, Popper, Ross, Wolf and Jones (or their appointee) to obtain the appointment of an administrator or be appointed administrator in the brothers' place and stead. Acting pursuant to the power of attorney, the New York law firm on January 31, 1960 appointed Mr. Moskowitz, a reputable New Jersey attorney who has been duly licensed to practice law since 1936.

On February 2, 1960 Mr. Moskowitz filed a complaint in the Hudson County Surrogate's Court seeking his appointment as administrator of the estate. The Surrogate declined to act until the order of temporary administration was terminated by the County Court and after such order was entered he advised Mr. Moskowitz that he would not act until after July 1, 1960. According to an affidavit by Mr. Moskowitz the Surrogate advised him shortly before July 1, 1960 that he did not intend to appoint him as administrator but intended to appoint a person of his own choosing and to designate Mr. Moskowitz as counsel. Mr. Moskowitz's affidavit further states that he advised the Surrogate that he did not recognize his authority to appoint any administrator other than himself and did not recognize any power in the Surrogate to designate him as counsel. On June 29, 1960 a stipulation of dismissal, signed by Mr. Moskowitz and stating that his action for letters of administration was dismissed, was filed by Mr. Moskowitz in the Surrogate's Court. On June 29, 1960 Mr. Moskowitz filed a complaint in the Chancery Division of the Superior Court seeking letters of administration and on the following day Judge Kilkenny signed an order which adjudged that letters be granted to Mr. Moskowitz upon his filing a bond in the sum of $15,000.

The application to the Chancery Division of the Superior Court smacked of forum shopping and was ill-advised. See *In re Opper's Estate*, 29 *N. J. Super*. 520, 524 (*App. Div.* 1954). At the time the Surrogate notified Mr. Moskowitz that he would reject his position that he was legally entitled to be appointed as administrator, a dispute

had arisen within the meaning of *R. R.* 5:3–3. See *Simoni v. D'Ippolito*, 8 *N. J.* 271, 276 (1951), *certiorari* denied 343 *U. S.* 928, 72 *S. Ct.* 761, 96 *L. Ed.* 1338 (1952); *cf. N. J. S.* 3A:2–3; *N. J. S.* 3A:2–5; *In re Estate of Watson*, 35 *N. J.* 402 (1961). That Rule provides that when a dispute arises in the Surrogate's Court as to any matter the Surrogate's Court shall not act except in accordance with the order or judgment of the County Court. In fulfillment of the purposes of the Rule, Mr. Moskowitz should then have brought the cause to the attention of the County Court and proceedings thereafter should have been held in or under the direction of that court. See *In re Estate of Watson, supra.* We are satisfied that Mr. Moskowitz, acting as the designated representative of the decedent's only known heirs and next of kin, had sufficient interest and standing to proceed in the County Court. *Cf. Clapp*, 7 *N. J. Practice* (*Wills and Administration*), § 981 (1950); *Howard Savings Inst. v. Peep*, 34 *N. J.* 494, 500 (1961); *In re Lent*, 142 *N. J. Eq.* 21, 22 (*E. & A.* 1948); *Green v. Blackwell*, 32 *N. J. Eq.* 768, 772 (*E. & A.* 1880).

On July 11, 1960 the Surrogate entered an order designating Mr. Abraham Miller as administrator of the estate. There was never any renunciation in Mr. Miller's favor nor was there any prior notice addressed to the heirs and next of kin and, so far as the record before us discloses, no question was ever raised by or before the Surrogate as to the fitness of Mr. Moskowitz or as to the validity of the power of attorney and designation under which he was acting. Under our holding in *In re Estate of Watson, supra,* the Surrogate's appointment of Mr. Miller, a total stranger to the estate and to the persons beneficially entitled to it, was clearly erroneous. Mr. Moskowitz notified Mr. Miller that he would apply to the Hudson County Court for an order vacating Mr. Miller's appointment as administrator. This application came on in due course before the County Court and although no question was raised before that court as to the validity of the power of attorney and designation

under which Mr. Moskowitz was acting, it denied relief to Mr. Moskowitz on the ground that he was not an aggrieved person and had no standing to attack the appointment of Mr. Miller. We consider that this holding was unsound since Mr. Moskowitz was not an interloping stranger but was appearing as the designated representative of the persons beneficially entitled to the estate. See *Clapp, supra; Howard Savings Inst. v. Peep, supra; In re Lent, supra; Green v. Blackwell, supra.*

On October 21, 1960, Judge Collester, sitting in the Chancery Division of the Superior Court and relying upon the principles expressed in *In re Opper's Estate, supra,* granted a motion by Mr. Miller to vacate the Chancery Division's earlier appointment of Mr. Moskowitz as administrator. Mr. Moskowitz appealed to the Appellate Division which dismissed the appeal on the ground that he had no interest in the estate and was not an aggrieved person. He appealed from the Hudson County Court's order refusing to vacate the Surrogate's appointment of Mr. Miller, but this appeal was also dismissed by the Appellate Division on the ground that he lacked standing. We granted certification from both dismissals by the Appellate Division. See 34 *N. J.* 324 (1961). No opinion was filed by the Appellate Division but we understand from the record that no question was raised before it as to the validity of the power of attorney and designation under which Mr. Moskowitz was acting. We are satisfied that the Appellate Division was mistaken in its view that although Mr. Moskowitz was a fit and qualified person appearing as the designated nominee and representative of all of the persons beneficially entitled to the estate, he nevertheless had no standing[1] to appeal

---

[1] The Appellate Division's narrow treatment of the standing issue here may be contrasted with the broad approach suggested in other fields in recent cases such as *Walker, Inc. v. Borough of Stanhope,* 23 *N. J.* 657 (1957). See *Frank v. Clover Leaf Park Cemetery Ass'n,* 29 *N. J.* 193, 209 (1959) ; *Elizabeth Federal Savings & Loan Ass'n v. Howell,* 24 *N. J.* 488, 499 (1957).

from orders which in effect rejected his appointment as administrator in favor of a total stranger to the estate. See *In re Estate of Watson, supra; cf. Clapp, supra; Howard Savings Inst. v. Peep, supra; In re Lent, supra; Green v. Blackwell, supra.*

The respondent urges that although the power of attorney and designation, which appear to be regular on their face and under which Mr. Moskowitz was acting, were never challenged below, this court should now exercise its original jurisdiction for the purpose of adjudging their validity. He does not suggest that there are heirs and next of kin other than the decedent's two brothers nor does he suggest that the brothers did not actually sign the power of attorney. His belated contention is that since the power of attorney discloses that it was executed in Lithuania, a country whose incorporation into the Union of Soviet Socialist Republics has not been recognized by the Government of the United States, it should, without more, here and now be declared to be a total nullity. We are not persuaded that such declaration would be justified on the record before us. See *Danisch v. Guardian Life Ins. Co. of America,* 151 F. Supp. 17 (*D. C. S. D. N. Y.* 1957) ; *Waltzinger v. Birsner,* 212 Md. 107, 128 A. 2d 617, 624 (*Ct. App.* 1957) ; *Dey v. Hathaway Printing, Telegraph, & Telephone Co.,* 41 N. J. Eq. 419, 421 (*Ch.* 1886) ; *cf. Balazinski v. Lebid,* 65 N. J. Super. 483, 495–497 (*App. Div.* 1961) ; *Werenjchik v. Ulen Contracting Corporation,* 229 App. Div. 36, 240 N. Y. S. 619 (1930), affirmed 255 N. Y. 56, 173 N. E. 921 (*Ct. App.* 1930) ; but *cf. In re Braunstein's Estate,* 202 Misc. 244, 114 N. Y. S. 2d 280, 282 (*Sur. Ct.* 1952). The fear expressed is that Mr. Moskowitz's appointment as administrator may entail the danger of later distribution without fulfillment of the statutory policy expressed in N. J. S. 3A:25–10. That statute provides as follows:

"Where it shall appear that a legatee, next of kin or beneficiary of a trust would not have the benefit or use or control of the money or other property due him, or where other special circumstances

make it appear desirable that such payment should be withheld, the court to which the fiduciary is accountable, or, in the case of a trust where the trustee was appointed other than by a court, the superior court, on motion of any person in interest, or, failing such, on motion of the attorney general, or on the court's own motion, may direct that such money or other property be paid into such court for the benefit of such legatee, next of kin, beneficiary of a trust, or such person or persons who may thereafter appear to be entitled thereto. Such money or other property so paid into court shall be paid out only by order of the court. Moneys heretofore deposited to the credit of the surrogate's court of any county by reason of an order of that court shall be transferred to the credit of the county court of the county."

During argument of the appeal, Mr. Moskowitz stated that he considered *N. J. S.* 3A:25–10 to be entirely valid and that he would, of course, take no action which would impair or circumvent its policy. His goal, as he expressed it before us, is to obtain letters of administration pursuant to the power of attorney and his designation to the end that the estate may be properly administered and faithfully conserved for distribution to the brothers at such time as it satisfactorily appears that they will actually receive the benefit, use and control of their distributive shares. In any event, the County Court has broad authority and responsibility to guard against the expressed fear of improper or premature distribution. See *In re Estate of Markewitsh,* 62 *N. J. Super.* 407 (*Cty. Ct.* 1960); *In re Volencki's Estate,* 35 *N. J. Super.* 351 (*Cty. Ct.* 1955); *In re Url's Estate,* 7 *N. J. Super.* 455 (*Cty. Ct.* 1950), appeal dismissed 5 *N. J.* 507 (1950); *cf.* Heyman, "The Nonresident Alien's Right to Succession Under the 'Iron Curtain Rule,'" 52 *Nw. U. L. Rev.* 221 (1957). In *In re Url's Estate, supra,* the court declined to permit distribution to a legatee in Hungary upon the finding that there was reasonable probability that the legatee would not actually receive the benefits of the legacy; it directed that payment be made into court pending later application with respect to distribution. Similarly, in *In re Volencki's Estate, supra,* the court directed that moneys due beneficiaries residing in

Hungary be deposited into court in fulfillment of the statutory policy. In *In re Estate of Markewitsh, supra,* the court recently directed that funds due to next of kin residing in the Soviet Union be deposited into court; it noted that it was authorized by the statute to direct, on its own motion, that the funds be paid into court for the benefit of the next of kin and that the payment is interlocutory pending later application when there is reasonable assurance that the next of kin will actually receive the benefit, control and use of the funds.

In the light of all of the foregoing, we have concluded that Mr. Moskowitz should be designated by the Hudson County Court as the administrator of the estate and that all further proceedings in connection with the estate be held in or under the direction of that court. The order appointing Mr. Moskowitz as administrator should contain provision not only for the customary bond but also for leave as in *In re Estate of Watson, supra,* together with an express direction that no distribution to or on behalf of the brothers in Lithuania be made except on court order pursuant to hearing upon notice duly addressed to the Attorney General of New Jersey as well as the persons beneficially interested in the estate and specifically calling attention to *N. J. S.* 3A:25–10. The judgment of the Appellate Division dismissing the appeal from the Chancery Division's vacation of the appointment of administrator is affirmed, the judgment of the Appellate Division dismissing the appeal from the County Court's order refusing to vacate the Surrogate's appointment of Mr. Miller is reversed, and the cause is:

Remanded to the Hudson County Court for further proceedings in accordance with this opinion.

*For reversal*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.